IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. TIMOTHY WILLIAMS

**Direct Appeal from the Criminal Court for Shelby County**
**No. GS-00987  Carolyn Wade Blackett, Judge**

------

**No. W1999-01193-CCA-R3-CD  Decided May 5, 2000**

------

In this appeal of right from the Shelby County Criminal Court, the defendant contends that his de novo appeal from a judgment of the General Sessions Court was erroneously dismissed at a status hearing. Because the Criminal Court Clerk failed to provide notice of the status hearing to defendant's counsel of record, the judgment of dismissal is reversed and the cause is remanded to the trial court for a hearing.

**Tenn. R. App. P. 3; Judgment of the Trial Court Reversed and Remanded**

WADE, P.J., delivered the opinion of the court, in which WOODALL and WITT, JJ., joined.

Kendall Reeves, Memphis, Tennessee, for the appellant, Timothy Williams.

Paul G. Summers, Attorney General and Reporter, and Tara B. Hinkle, Assistant Attorney General, William L. Gibbons, District Attorney General, and Betty Carnesale, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, Timothy Williams, was charged with and convicted of driving under the influence, first offense, in Shelby County General Sessions Court. The defendant was sentenced to 11 months, 29 days, in jail, with 10 months, 14 days suspended.[1] During his period of probation, he was again charged with driving under the influence and the state filed a violation of probation warrant. The General Sessions Court revoked probation and ordered service of the balance of his sentence. The defendant, after posting a $5,000 cash bond, appealed to the Criminal Court of Shelby County. When the defendant failed to appear at a status hearing, the Criminal Court dismissed the appeal and remanded the cause to the General Sessions Court. The defendant moved to set aside the order and the trial court declined to grant relief.

------

[1]This information is taken from the Affidavit of Complaint regarding the defendant's violation of probation. The judgment of the trial court on the defendant's driving under the influence charge is not included in the record.

In this appeal of right, the defendant claims a due process violation due to "inadequate and improper notice" of the hearing in the Criminal Court. Because defense counsel of record did not receive notice of the scheduled status hearing, the order dismissing the defendant's appeal is set aside and the cause is remanded to the Criminal Court of Shelby County for a hearing on the merits.

The defendant, of course, was entitled to appeal the revocation of probation order rendered in the Shelby County General Sessions Court. Tenn. Code Ann. § 40-35-311(e); Tenn. R. Crim. P. 5(c)(2). The facts here are not in dispute. The record is comprised primarily of a statement of the evidence. The March 26, 1999, notice of appeal to the Criminal Court bears the name, signature, address, and telephone number of the defendant's attorney. The form and substance of the notice was approved by a Shelby County General Sessions Court judge. The notice includes a certificate of delivery to the Office of the District Attorney General at the proper address in Shelby County.

On April 28, 1999, by regular mail the clerk of the Criminal Court sent a notice directly to the defendant which, in pertinent part, provided as follows:

> [Y]ou are . . . notified that the . . . case is set for ATTORNEY STATUS at 9:30 a.m., on JUNE 4, 1999, in SHELBY COUNTY CRIMINAL COURT, DIVISION FOUR, 5TH FLOOR, 201 POPLAR AVENUE, MEMPHIS, TN 38103, to determine whether or not you are represented by an attorney and your ability to retain an attorney.
>
> You have the right to an attorney of your choice and the Constitution guarantees you the right to be represented. However, it is important that you either appear with your attorney at the above date and time, or have three (3) attorneys sign and date the form on the reverse side of this letter and present it to the court upon your appearance.

(emphasis added.)

The notice was not mailed to the defendant's counsel of record. The defendant did not appear at the hearing and the Criminal Court judge dismissed the appeal and remanded the case to the General Sessions Court for the imposition of sentence. On June 28, 1999, the defendant's counsel received a certified letter from the Sessions Court clerk notifying him of the action taken in the Criminal Court and setting a court appearance for July 8, 1999. On that date, the defendant and his counsel of record appeared in the Criminal Court and asked to reinstate the appeal. The request was denied.

The statement of evidence provides that the June 28 letter was "the very first notice Defendant or his attorney had received concerning any activity regarding his appeal. . . ." The statement also provides that the "Defendant never received [the April 28, 1999] letter, which was neither certified nor registered, and therefore he did not know he was to appear" at the June 4, 1999, proceeding. The state did not contest that assertion.

In this appeal, the defendant argues that the procedure utilized violated his right to due process of the law. In response, the state insists that the use of regular mail for notification of a court appearance meets constitutional standards. See, e.g., Mennonite Board of Missions v. Adams, 462 U.S. 791 (1983).

In our view, it is not necessary to address the constitutional issue. Rule 49 of the Tennessee Rules of Criminal Procedure provides as follows:

> (b) **Service: How made**. Whenever by law or under these rules or by an order of the court service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party in person is required by law or is ordered by the court. Service upon the attorney or upon a party shall be made by delivering to that person a copy of the document to be served, or by mailing it to that person at his or her last known address, or if no address is known, by leaving the copy with the clerk of the court. Delivery of a copy within this rule means: placing it in the hands of the attorney or of the party; or leaving it at that person's office with a clerk or other person in charge thereof or, if there is none in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at the person's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. Service by mail is complete upon mailing.

Tenn. R. Crim. P. 49(b) (emphasis added).

Initially, the notice, which was issued by the Criminal Court clerk, was not mailed or otherwise delivered to the defendant's attorney as required by the rule. Moreover, the hearing was not for the consideration of the merits of the appeal but, according to the terms of the notice, to ascertain whether the defendant had counsel, which was readily apparent from court documents which appear in the record.

Under these circumstances, the order of dismissal must be set aside. The cause is remanded to the Criminal Court of Shelby County for a determination on the merits on the appeal of the revocation of probation.